# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

MACK AUTHER FOREMAN, JR.,          :

    Plaintiff,                    :

vs.                                :          CA 21-0320-CG-MU

PAUL WATKINS, M.D.,                :

    Defendant.                    :

## REPORT AND RECOMMENDATION

    This *pro se* prisoner action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R), for appropriate action. For the reasons stated, it is recommended that the Court dismiss this action based upon Mack Auther Foreman, Jr.'s failure to prosecute this action and failure to comply with the Court's Orders dated and entered April 14, 2022 (Doc. 24) and June 16, 2022 (Doc. 26). The Court **ADVISES** Plaintiff that the dismissal of this action will be a **WITH PREJUDICE dismissal** because this action is indisputably time-barred.

    On or about July 12, 2021, Mack Auther Foreman, Jr. filed a civil rights complaint, under 42 U.S.C. § 1983, against Dr. Paul Watkins (a free world physician) arising out of Defendant Watkins' purported medical malpractice and/or negligence while performing surgery on Plaintiff's left ankle on or about July 25, 2018. (*See* Doc. 1, PageID. 1-7). Concurrent with the filing of the complaint, Foreman filed a motion to proceed without prepayment of fees (Doc. 2); however, because the IFP motion was not on this Court's form and was otherwise non-compliant with this Court's requirements,

this Court ordered Foreman to file a IFP motion on this Court's form that complied with the Court's requirements not later than August 13, 2021 (Doc. 3, PageID. 54 ("Plaintiff is ORDERED by **August 13, 2021,** to complete and file this Court's form for a motion to proceed without prepayment of fees and to attach a copy of the institutional record of his inmate account reflecting transactions in his account for the six-month period **immediately** preceding the filing of his complaint.")). After Foreman filed his first motion to proceed without prepayment on this Court's form (*see* Doc. 4), there occurred much back and forth between the Court and Foreman due to Plaintiff's failure to file an IFP motion that fully complied with the contents (including instructions) of the Orders sent to him. (*See* Docs. 7-8, 11-12 & 14-17). Following this Court's February 15, 2022 Order denying Foreman's fifth IFP motion (*see* Doc. 17), Foreman filed three more IFP motions in quick succession in March of 2022 (*see* Docs. 18, 19 & 22).

      Upon a review of these three IFP motions, the undersigned entered an Order on April 14, 2022, construing them as motions for reconsideration "of the denial of ifp status and the imposition of $402 in fees." (Doc. 24, PageID. 156). The Court granted the motions for reconsideration, granted Plaintiff's sixth IFP motion, and denied as moot his seventh and eight IFP motions. (*Id.*). And while the Court granted Plaintiff's sixth motion to proceed without prepayment of fees, it also ordered and required Foreman to remit a money order for $194.14 made payable to the Clerk of the Court within twenty-one (21) days—that is, not later than May 5, 2022—and ordered that the remainder of the $350.00 filing fee be paid by Plaintiff in accordance with 28 U.S.C. § 1915(b)(2). (*See id.*, PageID. 156-58). Foreman was warned that any "[f]ailure to comply with this order within the prescribed time will result in the dismissal of this action. If the money order is

2

not timely received by the Clerk, the Clerk is directed to forward this action's file to the undersigned judge for dismissal for failure to prosecute and to obey the Court's order and for entry of an order requiring the appropriate agency to collect the $350.00 filing fee from Plaintiff's prisoner account in the manner prescribed by 28 U.S.C. § 1915(b)(2)." (*Id.*, PageID. 157). That Order also parenthetically informed Foreman that his previously-filed § 1983 action in which Watkins was a named defendant, *Foreman v. Dunn, et al.,* CA No. 19-0204-CG-MU, was dismissed prior to service of process pursuant to 28 U.S.C. § 1915 and that this dismissal was affirmed by the Eleventh Circuit and, further, that "a § 1983 action must be filed within two years of when he has reason to know that he has been injured by a person." (*See id.,* PageID. 157, n.1).

Instead of paying the partial filing fee, as ordered, Foreman filed a pleading titled "Confidential" and alleged therein that because "Warden Cargle of Staton Prison stated [] she paid the Court, [ when] this Court stated that the filing fee has not been paid[,]" he was asking the Court to "order Warden Cargle to certify under oath that she has paid the $405 filing fee to the Court." (Doc. 26, PageID. 168; *compare id. with* Doc. 25 (Foreman's "Confidential" pleading/motion)). By Order dated and entered June 16, 2022, this Court denied Foreman's "Confidential" motion (Doc. 26, PageID. 168-69). As well, the Court addressed Foreman's failure to pay the partial filing fee. (*See id.,* PageID. 169-70).

> Instead of paying the partial filing fee, Foreman filed the present Motion with Warden Cargle's affidavit and answer attached, which were her responses to Foreman's claim filed with the Alabama Board of Adjustment; an inmate request slip; and a copy of the check for $1,815.75, identified as coming from an income tax refund account. (Doc. 25 at 4-7, PageID. 163-65). The Motion and its attachments do not explain why Foreman has not paid the partial filing fee. Nor does the undersigned see the relevance of the Motion and its attachments to this action. As pled, the

3

> disbursements made from Foreman's prisoner account concern the persons making the disbursements from the account and the Alabama Department of Corrections, not this Court. This Court merely receives what is sent to it.
>
> **To summarize, the $350.00 filing fee in Foreman's first action, *Foremen v. Dunn, et al.,* Civil Action No. 19-0204-CG-MU . . ., is the only filing fee that the Court has received from Foreman. No other money has been received by this Court from Foreman.**
>
> Because Foreman filed a Motion, instead of paying the $194.14 partial filing fee, Foreman is **GRANTED** an extension of time to pay the partial filing fee by **July 6, 2022.** The failure to comply with this order within the required [time] will result in the dismissal of this action for failure to comply with the Court's order and to prosecute this action.[1]

(*Id.*) (emphasis in original).

An action may be dismissed if a plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Frith v. Curry,* 812 Fed.Appx. 933, 935 (11th Cir. May 4, 2020) (affirming a without prejudice dismissal for failure to comply with order directing payment of the initial partial filing fee); *Brown v. Tallahassee Police Dep't,* 205 Fed.Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming a without dismissal prejudice of a *pro se* action for failure to follow a court order); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied,* 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*,

---

[1] "The undersigned **strongly suggests** that Foreman read the prior order entered April 14, 2022, before proceeding in this action. (Doc. 24, PageID. 155)." (Doc. 26, PageID. 170, n.1).

4

41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Foreman has not remitted to this Court the partial filing fee of $194.14[2] or otherwise filed a proper response to the Court's Orders dated and entered April 14, 2022 and June 16, 2022 (*compare* Docket Sheet *with* Docs. 24 & 26). Therefore, it is recommended that Foreman's present action be **DISMISSED**, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by complying with this Court's lawful orders dated and entered on April 14, 2022 and June 16, 2022. This dismissal will be a **WITH PREJUDICE dismissal** because this action is indisputably time-barred.[3]

---

[2] Since Foreman is being afforded the opportunity to file objections to this Report and Recommendation of the Magistrate Judge, *see infra*, this Court need take no other step to determine that he complied with the April 14 and June 16, 2022 Orders of the undersigned by authorizing payment of the partial filing fee by prison officials. *See Frith, supra,* 812 Fed.Appx. at 935 ("Before dismissing a prisoner's complaint for failure to comply with an IFP order directing the payment of an initial partial filing fee, the district court must take reasonable steps to determine whether the prisoner complied with the order by authorizing payment by prison officials. Steps the court can take include issuing a show cause order, **allowing objections to the magistrate judge's report**, communicating with prison officials, and issuing an order to the custodial institution." (internal citations omitted; emphasis supplied)).

[3] Section 1983 does not contain a statute of limitations provision, *see* 42 U.S.C. § 1983; however, relevant caselaw demonstrates that the applicable limitations period for § 1983 claims brought in Alabama, as here, is two years.

> In *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that in characterizing a § 1983 claim for statute of limitation purposes, federal law was controlling; that a single statute of limitations should be selected to govern all § 1983 claims; and that because claims under § 1983 are in essence claims for personal injury, the state statute applicable to personal injury should be borrowed. *Id.* at 270, 275, 276-80, 105 S.Ct. at 1943, 1946, 1947-49. . . .
>
> The statutory period of limitations for plaintiff's claims pursuant to 42 U.S.C. § . . . 1983 . . . is two years. *See* Alabama Code § 6-2-38(l) ("actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years") and (n) ("actions commenced to recover damages for injury to the person . . . wherein a

(Continued)

5

      principal or master is sought to be held liable . . . under the doctrine of *respondeat superior* must be brought within two years").

*C & J Associates Pest Control v. McMullen,* 2007 WL 9711443, *4 (N.D. Ala. June 12, 2007); *see also McNair v. Allen,* 515 F.3d 1168, 1173 (11th Cir.) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. . . . [Plaintiff's] claim was brought in Alabama, where the governing limitations period is two years. . . . Therefore, in order to have his claim heard, [Plaintiff] was required to bring it within two years from the date the limitations period began to run."), *granting stay sub nom. Callahan v. Allen,* 552 U.S. 1171, 128 S.Ct. 1138, 169 L.Ed.2d 959 (Jan. 31, 2008), *cert. denied,* 553 U.S. 1098, 128 S.Ct. 2914, 171 L.Ed.2d 850 (June 9, 2008); *see Owens v. Okure,* 488 U.S. 235, 249-50, 109 S.Ct. 573, 574 & 580-81, 102 L.Ed.2d 594 (1989) (holding that in § 1983 suits federal courts are to borrow the "general" or "residual" statute of limitations for personal injuries provided under the law of the State where the court hearing the case sits).

      "The question of when the limitations period begins to run (that is, when the cause of action has accrued), is one of federal law." *Smith v. Shorstein,* 217 Fed.Appx. 877, 881 (11th Cir. Feb. 13, 2007), citing *Rozar v. Mullis,* 85 F.3d 556, 561 (11th Cir. 1996); *see also Kelly v. Serna,* 87 F.3d 1235, 1238 & 1238-39 (11th Cir. 1996) (recognizing both that "[a] statute of limitations begins to run when the cause of action accrues[]" and that "[a]ccrual of a cause of action under 42 U.S.C. § 1983 is a question of federal law."); *Cotton v. Onderdonk,* 2016 WL 7365205, *11 (S.D. Ala. Nov. 10, 2016) (recognizing that federal law governs when a statute of limitations begins to run and that this is when the cause of action accrues), *report and recommendation adopted,* 2016 WL 7366080 (S.D. Ala. Dec. 19, 2016). "The general federal rule is that a cause of action 'will not accrue, and thereby set the limitations clock running, until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury.'" *Smith, supra,* 217 Fed.Appx. at 881, quoting *Chappell v. Rich,* 340 F.3d 1279, 1283 (11th Cir. 2003) (other citation omitted); *see McNair, supra,* 515 F.3d at 1173 ("'[T]he statute of limitations does not begin to run until the facts which support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'").

      Here, Plaintiff's statutory civil rights claims under § 1983 are based upon Dr. Watkins' purported medical malpractice and negligence associated with the surgery he performed on Foreman's left ankle on or about July 25, 2018. (*See* Doc. 1). It is clear to the undersigned that Foreman knew that he suffered the injury forming the basis of this complaint at least by April 24, 2019, when he filed his initial complaint in this Court in which he named Watkins as a Defendant, along with numerous correctional officers/officials. *See Foreman v. Dunn, et al., supra,* Doc. 1. Given the filing date of Foreman's previous complaint (April 24, 2019), it simply cannot be gainsaid that this present action, filed by Foreman on July 19, 2021 (*see* Doc. 1), is time-barred since it was filed more than two years after Foreman indisputably believed he had suffered injury at the hands of Watkins.

6

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 8th day of August, 2022.

                                                 s/P. Bradley Murray
                                                 **UNITED STATES MAGISTRATE JUDGE**